SLIP OPINION



Cite as 2013 Ark. 451

# SUPREME COURT OF ARKANSAS

No. CV–13–955

| | |
|---|---|
| THERESA ROEDER, AS THE ADMINISTRATRIX OF THE ESTATE OF ESTHER KAY ROEDER, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF ESTHER KAY ROEDER; TARA ROEDER, AS THE ADMINISTRATRIX OF THE ESTATE OF BRUCE WAYNE ROEDER, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF BRUCE WAYNE ROEDER; AND TARA ROEDER, AS THE ADMINISTRATRIX OF THE ESTATE OF DEBORAH BUSBY ROEDER, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF DEBORAH BUSBY ROEDER <br><br> PETITIONERS <br><br> V. <br><br> UNITED STATES OF AMERICA; JAMES S. WATSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; GLORIA MAPLES CHRISMER, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; NORMAL L. WAGONER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JAMES B. KOZIK, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND JOHN DOES 1–5, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY <br><br> RESPONDENTS | Opinion Delivered NOVEMBER 7, 2013 <br><br> REQUEST TO CERTIFY QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS, HOT SPRINGS DIVISION <br><br> <u>CERTIFIED QUESTION ACCEPTED</u>. |

**PER CURIAM**

In accordance with section 2(D)(3) of amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, the Honorable Susan O. Hickey, of the United States District Court for the Western District of Arkansas, Hot Springs Division, filed a certification order with our clerk on October 1, 2013. The certifying court requests that we answer a question of law that may be determinative of a cause now pending in the certifying court, and it appears to the certifying court that there is no controlling precedent in the decisions of the Arkansas Supreme Court. After a review of the certifying court's analysis and explanation of the need for this court to answer the question of law presently pending in that court, we accept certification of the following question, as herein formulated:

> Whether "malicious" conduct, under Ark. Code Ann. § 18-11-307(1), includes conduct in reckless disregard of the consequences from which malice may be inferred.

We note that the question of the correct statutory interpretation of "malicious" was raised in *Carr v. Nance*, 2010 Ark. 497, 370 S.W.3d 826, but this court declined to address it because the jury was never instructed on malice and returned a general verdict form. This per curiam order constitutes notice of our acceptance of the certification of the question of law. For purposes of the pending proceeding in this court, the following requirements are imposed:

> A. Time limits will be calculated from the date of this per curiam order accepting certification. The plaintiffs in the underlying action, Theresa Roeder, as the Administratrix of the Estate of Esther Kay Roeder, deceased, and on behalf of the wrongful death beneficiaries of Esther Kay Roeder; Tara Roeder, as the Administratrix of the Estate of Bruce Wayne Roeder, and on behalf of the wrongful death beneficiaries of Bruce Wayne Roeder; and Tara Roeder, as the Administratrix of the Estate of Deborah Busby Roeder, and on behalf of the wrongful death beneficiaries of Deborah Busby Roeder, are designated the moving parties and will be denoted as

2

the "Petitioners," and their brief is due thirty days from the date of this per curiam; the defendants, United States of America; James S. Watson, in his individual and official capacity; Gloria Maples Chrismer, in her individual and official capacity; Normal L. Wagoner, in his individual and official capacity; James B. Kozik, in his individual and official capacity; and John Does 1–5, in their individual and official capacity, shall be denoted as "Respondents," and their brief shall be due thirty days after the filing of Petitioners' brief. Petitioners may file a reply brief within fifteen days after Respondents' brief is filed.

B. The briefs shall comply with this court's rules as in other cases except for the briefs' content. Only the following items required in Arkansas Supreme Court Rule 4-2(a) shall be included:

(3) Points on appeal which shall correspond to the certified question of law to be answered in the federal district court's certification order.

(4) Table of authorities.

(6) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal district court's certification order.

(7) Argument.

(8) Addendum.

(9) Cover for briefs.

C. Oral Argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.

D. Arkansas Supreme Court Rule 4-6 with respect to amicus curiae briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioners and the Respondents.



Pursuant to Arkansas Supreme Court Rule 6-8(d), we request that the parties include in an addendum the following pleadings: the complaint; the answer, if any; the motion for summary judgment; and any responses, replies, and briefs in support thereof. In addition, if the parties believe that any additional pleadings will be useful to our understanding of the legal issues presented in this certified question, those pleadings should be included as well.

Certified question accepted.